IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SULLIVAN JAMES,<br><br>    Plaintiff,<br><br>v.<br><br>JELD-WEN, INC.,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Sullivan James ("Plaintiff" or "Mr. James"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Jeld-Wen Inc. ("Defendant") for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

1

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 18, 2022; the EEOC issued its Notice of Right to Sue on August 17, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T CORPORATION SYSTEM, located at 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

## FACTUAL ALLEGATIONS

9.

Plaintiff began working for Defendant on or about September 1, 2021. His last position was Machine Operator.

10.

On or around March 16, 2022, Defendant allowed another employee, Desiree White, to curse and yell at Mr. James for not helping her.

11.

Defendant's manager, Bryan Talton, was present and did not address the harassment even though he had instructed their team not to help Ms. White.

12.

When Mr. James later asked Mr. Talton why he did not intervene and diffuse the situation or reprimand Ms. White, Mr. Talton stated, "I do what I want, you do what you're told…I'm the boss now clock out and go home."

13.

Mr. James asked Mr. Talton why he was being sent home to which Mr. Talton responded he needed to leave.

14.

Mr. James reported his concerns to Mr. Talton about not addressing the issue with Ms. White, sexually harassing women in the workplace, and telling him to leave for doing so.

15.

Mr. James asked Mr. Talton if he could speak to HR, but Mr. Talton refused.

16.

Mr. Talton then called the police and informed them that Mr. James was being hostile and irate after being terminated and told to leave the premises.

17.

Mr. Talton did not have authority to terminate Mr. James on March 16, 2021.

18.

Mr. James called HR the next morning and they refused to talk to him in person.

19.

Mr. James emailed HR reporting the incidents of harassment, abuse of power, and wrongful termination by Mr. Talton and asked for a full investigation into the situation.

20.

Defendant informed Mr. James that he was terminated for not leaving the premises.

21.

From on or about September 1, 2021, to March 15, 2022, Mr. James had perfect attendance and no disciplinary record.

22.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., Male, Protected Activity.

## CLAIMS FOR RELIEF

## COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23.

Plaintiff re-alleges paragraphs 9-22 as if set forth fully herein.

24.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

25.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

26.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his gender.

27.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

28.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29.

Plaintiff re-alleges paragraphs 9-22 as if set forth fully herein.

30.

Defendant's actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

31.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

32.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully submitted this 29th day of September 2022.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

*Counsel for Plaintiff Sullivan James*